UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br>                     Plaintiffs, <br><br>           v. <br><br>SUBARU OF AMERICA, INC., STAPLES, INC., STAPLES CONTRACT & COMMERCIAL LLC, and DESIGN RESOURCES, INC. d/b/a CAPS DIRECT, <br><br>                     Defendants. | Civil Action No. 5:21-cv-838 (MAD/ML) |

## COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs"), by and through their counsel Bond, Schoeneck & King, PLLC, for their Complaint against defendants Subaru of America, Inc. ("Subaru"), Staples, Inc. ("Staples"), Staples Contract & Commercial LLC ("Staples C&C") and Design Resources, Inc. d/b/a Caps Direct ("Caps Direct") (collectively, "Defendants"), allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, related state statutes, and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d).

12754061.2

## PARTIES

3. Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Trees Drive, Watertown, New York 13601.

4. Plaintiff JSL is a Bermuda corporation that has its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5. Upon information and belief, Subaru is a New Jersey corporation that has its principal place of business at One Subaru Drive, Camden, New Jersey 08103.

6. Upon information and belief, Subaru markets and distributes Subaru vehicles, parts, and accessories throughout the United States, including in the Northern District of New York.

7. Upon information and belief, Subaru also operates one or more highly interactive websites, accessible throughout the United States, including in the Northern District of New York, for promotional and commercial purposes, and has used one or more of those websites to sell, offer for sale, distribute, and/or advertise the products complained of herein in this District and elsewhere.

8. Upon information and belief, Staples is a Delaware corporation, authorized to do business in New York, that has its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

9. Upon information and belief, Staples operates retail stores across the United States, including numerous stores in the Northern District of New York (*e.g.*, East Syracuse, Clay, New Hartford, Auburn, Vestal, Rensselaer, Glenmont, Albany, Latham, Clifton Park, Saratoga Springs, Watertown, and Plattsburgh).

10. Upon information and belief, Staples, under contract with Subaru, also operates subarugear.com, a highly interactive website accessible throughout the United States, including in the Northern District of New York, to sell, offer for sale, distribute, and advertise Subaru accessories, including the products complained of herein, in this District and elsewhere.

11. Upon information and belief, consumers can access subarugear.com directly and also via a link on subaru.com, a consumer website operated by Subaru.

12. Upon information and belief, the subarugear.com domain name is registered to Subaru.

13. Upon information and belief, Staples C&C is a Delaware limited liability company, authorized to do business in New York, that has its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702 and is affiliated and acting in concert with Staples.

14. Upon information and belief, Staples C&C has sold, offered for sale, advertised, and/or distributed the products complained of herein, in this District and elsewhere.

15. Upon information and belief, Caps Direct is a Missouri corporation that has its principal place of business at 7007 College Boulevard, Suite 700, Overland Park, Kansas 66211.

16. Upon information and belief, Caps Direct is a private label apparel sourcing company that designs and supplies custom headwear and accessories.

17. Upon information and belief, Caps Direct designed, manufactured and/or procured the products complained of herein and sold and distributed them to Staples and/or Subaru to be sold, offered for sale, distributed, and advertised throughout the United States, including in this District.

### PLAINTIFFS' TREE DESIGN MARKS

18. For over 60 years, under license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive abstract Tree design (the "Tree Design Marks") in connection with the manufacture, marketing, and sale of various products, including without limitation, the world famous air fresheners in the distinctive abstract Tree design shape ("LITTLE TREES Air Fresheners"), as shown by the examples below:



19. Examples of Plaintiffs' air freshener products bearing the Tree Design Marks are shown below:

   

4

12754061.2

20. Due to the immense popularity of the Tree Design Marks, Plaintiffs have used those marks on a wide variety of consumer goods, including clothing and hats, as shown by these examples:



21. As a result of this long and extensive use on quality products and this long and extensive use as corporate identifiers, the Tree Design Marks are well known and well received.

22. Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least 1952.

23. JSL is the owner of the Tree Design Marks, and CFC is the exclusive licensee of the Tree Design Marks for air fresheners in the United States. CFC, under

5

license from JSL, is also a licensee of the Tree Design Marks for other products in the United States.

24. Plaintiffs use the Tree Design Marks in many different fashions to identify Plaintiffs as the source of high-quality goods. Among many other uses, the Tree Design Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, and throughout websites operated by Plaintiffs. The Tree Design Marks also appear as the shape of the LITTLE TREES Air Fresheners.

25. JSL owns the following incontestable federal trademark registrations for the Tree Design Marks, among others:

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
|  | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
|  | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |
|  | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |

6

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| (tree design with base) | 2,741,364 | July 29, 2003 | Travel bags, in Class 18; Shirts, sweatshirts, t-shirts, and caps, in Class 25 |
| (tree outline design) | 3,766,310 | March 30, 2010 | Air fresheners, in Class 5; pens and stickers, in Class 16; luggage tags, in Class 18; shirts and hats, in Class 25 |

26. Pursuant 15 U.S.C. § 1115(b), JSL's incontestable registrations noted above are conclusive evidence of the validity of the marks and their corresponding registrations, of JSL's ownership of those marks, and of Plaintiffs' exclusive right to use those marks in commerce.

27. Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing, and promoting their goods sold under the Tree Design Marks.

28. Plaintiffs' LITTLE TREES Air Fresheners are widely promoted in a variety of media, including on numerous websites, magazines, and printed promotional materials.

29. Plaintiffs' LITTLE TREES Air Fresheners are sold through a wide variety of different trade channels.

30. Plaintiffs' LITTLE TREES Air Fresheners appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

12754061.2

31. As a result of this long and extensive use and promotion, Plaintiffs' Tree Design Marks enjoy widespread public recognition. They have acquired tremendous goodwill and secondary meaning among the consuming public, which recognizes the Tree Design Marks as exclusively associated with Plaintiffs.

32. Plaintiffs' LITTLE TREES Air Fresheners have become staples of American commerce, familiar to millions of consumers who encounter these products and the Tree Design Marks in a wide variety of commercial contexts. Consumers know and recognize the Tree Design Marks as designating products of the highest and most reliable quality.

33. The Tree Design Marks are non-functional and serve as arbitrary source identifiers of the Plaintiffs and their highly regarded products.

34. Plaintiffs' Tree Design Marks are famous throughout the United States and have enjoyed such fame since long prior to Defendants' infringing and diluting acts complained of herein.

35. JSL also has potent common law trademark rights in and to its Tree Design Marks by virtue of their longstanding and well-recognized use in commerce.

**DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' TREE DESIGN MARKS**

36. Upon information and belief, Defendants, without authorization from Plaintiffs, have advertised, offered for sale, sold and/or distributed hats that use marks confusingly similar to Plaintiffs' famous Tree Design Marks (the "Infringing Products").

37. An image of one of the Infringing Products appears immediately below:

8



38. The tree design used on the Infringing Products is virtually identical to Plaintiffs' famous Tree Design Marks, as illustrated by this side-by-side comparison of the silhouettes:



39. Upon information and belief, Defendants have advertised, offered for sale, sold, and/or distributed Infringing Products throughout the United States, including in the Northern District of New York.

40. On April 8, 2021, via an online purchase made on subarugear.com, the Infringing Product pictured above was sold to a customer for delivery to an address in Philadelphia, New York, and subsequently was delivered to that address in this District.

41. Shortly after placing the order on subarugear.com, the customer received an order confirmation via email from Subaru.Consumer@staples.com.

9

42. The return address on the mailing label affixed to the box containing the Infringing Product received in Philadelphia, New York indicated that the package had been shipped from "Staples Promotional Products" at 1520 Albany Place Southeast, Orange City, Iowa 51041. Upon information and belief, that is one of the addresses at which Staples C&C operates.

43. Upon information and belief, Staples has used the name "Staples Promotional Products," including on the web at staplespromo.com.

44. Upon information and belief, Staples C&C has also used "Staples Promotional Products" as a tradename.

45. Plaintiffs have never given Defendants permission to use Plaintiffs' Tree Design Marks in the sale or promotion of the Infringing Products.

46. Defendants' use of the marks at issue in connection with the sale, offering for sale, distribution, and/or advertising of the Infringing Products has been and, if continued, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' products, and to mislead the public into believing that Defendants' products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

47. Upon information and belief, Defendants were aware of Plaintiffs' famous Tree Design Marks prior to the promotion and sale of the Infringing Products, but nevertheless intentionally proceeded with the promotion and sale of the Infringing Products with disregard for Plaintiffs' rights.

48. This is not the first time Subaru has infringed Plaintiffs' famous Tree Design Marks.

49. In 2010, Plaintiffs discovered the image of a confusingly similar tree-shaped air freshener being used in an animated Subaru banner advertisement on the Kelley Blue Book website. The ad was removed after Plaintiffs contacted Subaru.

50. In 2011, Plaintiffs discovered the image of another confusingly similar tree-shaped air freshener being used in a Subaru-related commercial on the Sundance channel and website. The ad was changed after Plaintiffs contacted Subaru.

51. Defendants, by their acts complained of herein, have infringed the Tree Design Marks, diluted the unique commercial impression of the Tree Design Marks, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to sell their goods, which are not connected with, or authorized, approved, licensed, produced, or sponsored by, Plaintiffs.

52. Defendants' aforesaid acts have caused and, if continued, will continue to cause irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK
### (Federal)

53. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 52 as if set forth herein.

12754061.2

54. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods and to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

55. Defendants' activities constitute an infringement of the Tree Design Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

56. Defendants' acts of infringement have caused injury to Plaintiffs.

57. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

58. Defendants' acts of infringement, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

## CLAIM II
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION
### (Federal)

59. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 58 as if set forth herein.

60. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, or sponsorship of Defendants' goods, or to falsely mislead consumers

into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

61. Defendants' activities constitute infringement of Plaintiffs' Tree Design Marks, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

62. Defendants' acts of infringement, false designations of origin, and unfair competition have caused injury to Plaintiffs.

63. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

64. Defendants' acts of infringement, false designations of origin, and unfair competition, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

**CLAIM III**
**TRADEMARK DILUTION**
**(Federal)**

65. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 as if set forth herein.

66. Plaintiffs are respectively the owner and licensee of the rights in and to Plaintiffs' Tree Design Marks that are distinctive and famous among the general consuming public in the United States and have been famous since long before Defendants engaged in the activities complained of herein.

12754061.2

67. Defendants' activities, as set forth above, have been, and if continued, are likely to dilute, impair, tarnish, and blur the distinctive quality of Plaintiffs' famous Tree Design Marks in violation of 15 U.S.C. § 1125(c).

68. Defendants' acts of dilution have caused injury to Plaintiffs.

69. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify a treble award of Defendants' profits, and Plaintiffs' recovery of their attorneys' fees under 15 U.S.C. § 1117.

70. Defendants' acts have caused substantial and irreparable injury to Plaintiffs and, in particular, to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and, if continued, will continue to cause substantial and irreparable injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

71. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 70 as if set forth herein.

72. Defendants' activities have been, and if continued, are likely to dilute Plaintiffs' distinctive Tree Design Marks, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

73. Defendants' violations of New York General Business Law § 360-l have caused injury to Plaintiffs.

74. Defendants' violations of New York General Business Law § 360-l have caused, and, if continued, will continue to cause Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

12754061.2

## CLAIM V
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION
### (Common Law)

75. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 74 as if set forth herein.

76. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

77. Defendants' activities complained of herein constitute trademark infringement and unfair competition under New York State common law.

78. Defendants' aforesaid violations of New York State common law have caused injury to Plaintiffs.

79. Defendants' aforesaid violations of New York State common law, if continued, will continue to cause Plaintiffs to sustain irreparable injury, for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. That Defendants and their affiliates, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

12754061.2

1. Any manufacture, production, sale, import, export, distribution, advertisement, promotion, display, or other exploitation of the Infringing Products;

2. Any use of Plaintiffs' Tree Design Marks or any other marks, designs, products, designations, or displays confusingly similar thereto, in connection with any goods or services;

3. Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks; and

4. Committing any other acts calculated or likely to cause consumers to believe that Defendants or their goods or services are in any manner connected, affiliated, or associated with or sponsored or approved by Plaintiffs;

B. Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiffs for destruction all units of the Infringing Products and all materials (including, without limitation, all advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within their possession, custody, or control, either directly or indirectly, that display or incorporate the Tree Design Marks or any other marks, designs, products, designations, or displays confusingly similar thereto;

C. Pursuant to 15 U.S.C. § 1116, that Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

16

D. Pursuant to 15 U.S.C. § 1117(a), that Defendants be directed to account to Plaintiffs for all gains, profits, and advantages derived from Defendants' wrongful acts;

E. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants three times the amount of Defendants' profits;

F. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants their attorneys' fees and costs in this action;

G. That Plaintiffs recover prejudgment interest; and

H. That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: July 23, 2021

BOND, SCHOENECK & KING, PLLC

By: *[signature: Liza R. Magley]*
Louis Orbach (507815)
Liza R. Magley (519849)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Email: lorbach@bsk.com
Email: lmagley@bsk.com

*Attorneys for Plaintiffs*

12754061.2